# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JEFFREY ALLAN SNIPES,
            *Defendant-Appellant.*

No. 02-4409

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-01-877)

Submitted: November 15, 2002

Decided: December 3, 2002

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Andrew J. Johnston, Spartanburg, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Kevin F. McDonald, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jeffrey Allan Snipes appeals his conviction and eighteen-month sentence for making, uttering, or possessing counterfeit securities of an organization doing business in and affecting interstate commerce, in violation of 18 U.S.C. § 513 (2000). We affirm.

Snipes, through counsel, contends that the district court erred in admitting testimony that Snipes believed he was subject to "three strikes" punishment. We review a district court's ruling on admissibility of evidence for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). This testimony was offered "to complete the story presented by the Government at trial," *United States v. Love*, 134 F.3d 595, 603 (4th Cir. 1998), and not as impermissible character evidence. The district court did not abuse its discretion in admitting this evidence.

Snipes has moved for leave to file a supplemental pro se brief raising one additional issue. We grant the motion, but ultimately find the claim unpersuasive. Snipes challenges the district court's failure to prevent the United States from exploring his drug habit as motivation for this offense or making reference thereto in its summation. Evidentiary rulings, even if erroneous, are subject to review for harmless error. *See* Fed. R. Crim. P. 52(a). Such rulings will be found harmless if we are able to conclude, "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). Here, even if the district court's admission of the evidence in question was erroneous, we find the error harmless in light of the overwhelming evidence against Snipes.

We therefore affirm Snipes's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*